DAVID C. O'MARA, ESQ (SBN 08599)
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, Nevada 89501
Telephone: 775-323-1321
Fax: 775-323-4082
*david@omaralaw.net*

John P. Kristensen
(*Pro Hac Vice Pending*)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| KAREN DORIO, an individual, QUIANNA HUNT, an individual, KELSEY JOHANSEN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; FANTASY GIRLS, LLC, a Nevada limited liability corporation; DOE MANAGERS 1-3; and DOES 4-100, inclusive, <br><br> Defendants. | Case No.: <br><br> **COLLECTIVE ACTION** <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **Failure to Pay Minimum Wage, 29 U.S.C. § 203(d);** <br> 2. **Failure to Pay Overtime Wages, 29 U.S.C. § 207;** <br> 3. **Unlawful Taking of Tips and Diversion/Kickback in Violation of 29 U.S.C. § 203;** <br> 4. **Illegal Kickbacks, 29 C.F.R. § 531.35; and** <br> 5. **Forced Tip Sharing, 29 C.F.R. § 531.35.** <br> **DEMAND FOR JURY TRIAL** |

Plaintiffs KAREN DORIO, QUIANNA HUNT and KELSEY JOHANSEN ("Plaintiffs") alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.   NATURE OF THE ACTION

1.      Plaintiffs allege causes of action against Defendants KAMY KESHMIRI, an individual, JAMY KESHMIRI, an individual, FANTASY GIRLS, LLC, a Nevada limited liability corporation, DOE MANAGERS 1-3, and DOES 4 through 100, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, charging illegal kickbacks and illegally absconding with Plaintiffs' tips.

2.      As a result of Defendants' violations, Plaintiffs seek to recover all tips kept by the employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

3.      These causes of action arise from Defendants' willful actions while Plaintiffs were employed by Defendants in the three (3) years prior to the filing of the Complaint in the District of Nevada. During her time being employed by Defendants, Plaintiffs were denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors." As the Department of Labor explained in a recent  Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax  revenues for government and an uneven

playing field for employers who properly classify their workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.

As alleged in more detail below, that is exactly what Defendants are, and were at all times relevant, doing.

4. Plaintiffs worked at Defendants' principal place of business located at 1095 E 4th St, Reno, Nevada 89512.

5. Defendants failed to pay Plaintiffs minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

6. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

8. As a result of Defendants' violations, Plaintiffs seek to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II. <u>PARTIES</u>

9. Plaintiffs are individual adult residents of the State of Nevada and California. Furthermore, Plaintiffs were employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Their consents to join are attached hereto as Exhibits.

10. Defendants JAMY KESHMIRI is an individual who resides in Washoe County, Nevada. He is the owner, controlling shareholder, and exerts

day to day management over the Defendants entities FANTASY GIRLS, LLC. JAMY KESHMIRI individually, also exerts day to day management and operational control over FANTASY GIRLS, LLC and is frequently present at, and owns, directs, controls and manages the operations at the club. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including Defendants JAMY KESHMIRI, as well as the other Defendants herein, refuse to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors." Defendants JAMY KESHMIRI is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act. Upon information and belief, Defendants JAMY KESHMIRI may be served with process at 515 S. Virginia Street, Reno, Nevada 89501.

11.     Defendants KAMY KESHMIRI is an individual who resides in Washoe County, Nevada. He is the owner, controlling shareholder, and exerts day to day management over the Defendants entities FANTASY GIRLS, LLC. KAMY KESHMIRI individually, also exerts day to day management and operational control over FANTASY GIRLS, LLC and is frequently present at, and owns, directs, controls and manages the operations at the club. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including Defendants KAMY KESHMIRI, as well as the other Defendants herein, refuse to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors." Defendants KAMY KESHMIRI is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act. Upon information and belief, Defendants KAMY KESHMIRI may be served with process at 515 S. Virginia Street, Reno, Nevada 89501.

12.     Defendants FANTASY GIRLS, LLC ("Fantasy Girls") is a Nevada limited liability corporation with its principal place of business at 515 S. Virginia

Street, Reno, Nevada 89501 that operates at 1095 E. 4th Street, Reno, Nevada. At all times mentioned herein, Fantasy Girls was an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (g). Fantasy Girls' agent for service of process is Defendants KAMY KESHMIRI and is identified to be located, via with filings with the Nevada Secretary of State at 515 S. Virginia Street, Reno, Nevada 89501.

13.     DOE MANAGERS 1-3 are the managers/owners who control the policies and enforce the policies related to employment at Fantasy Girls.

14.     Defendants' entire business model was based on taking advantage of Plaintiff by exploiting her and forcing her to participate in an invalid tip-pool with Defendants and employees of Defendants.

15.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 4 through 100, inclusive are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiffs prays for leave to amend this Claim to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

16.     Plaintiffs are informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

17.     Plaintiffs are informed and believes, and on that basis alleges that,

each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiffs in that each of them exercised control over her tips and the establishment's forced tip pooling procedures.

18.     Plaintiffs are informed and believes, and on that basis alleges that, at all relevant times, each and every Defendants has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

19.     At all times mentioned herein, each and every Defendants was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

20.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their club engaged in commerce their club which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

21.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

22.     At all material times during the three (3) years prior to the filing of the original Federal Court action, Defendants categorized all dancers/entertainers employed at Fantasy Girls as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiffs were an individual employee who engaged in commerce or in the production of

goods for commerce as required by 29 USC §§ 206-207.

23.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiffs prays for leave to amend this Claim to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

24.     Plaintiffs are informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

25.     Plaintiffs are informed and believes, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiffs in that each of them exercised control over her wage payments and control over her duties.

26.     Plaintiffs are informed and believes, and on that basis alleges that, at all relevant times, each and every Defendants has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or

1   her ownership, agency, service, joint venture and employment.

2   27.   At all times mentioned herein, each and every Defendants was the

3   successor of the other and each assumes the responsibility for the acts and

4   omissions of all other Defendants.

5   **III.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6   **(AGAINST ALL DEFENDANTS)**

7   **A.   FACTUAL ALLEGATIONS**

8   28.   Defendants operate an adult-oriented entertainment facility located

9   at 1095 E 4th St, Reno, Nevada 89512. At all times mentioned herein,

10  Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs.

11  29.   At all times during the four (4) years prior to the filing of the instant

12  action, Defendants categorized all dancers/entertainers employed by Defendants

13  as "independent contractors" and have failed and refused to pay wages to such

14  dancers.

15  30.   At all times relevant to this action, Defendants exercised a great deal

16  of operational and management control over the subject club, particularly in the

17  areas of terms and conditions of employment applicable to dancers and

18  entertainers.

19  31.   Plaintiff KAREN DORIO began working as a dancer for Defendants

20  in 2014 and has worked until the Covid shutdown.  QUIANNA HUNT worked

21  for Defendants from 2014 until approximately October 18, 2018. KELSEY

22  JOHANSEN has worked for Defendants since December 2018 until the Covid

23  shutdown.

24  32.   The primary duty of a dancer/entertainer is to dance and entertain

25  customers, and give them a good experience. Specifically, a dancer/entertainer

26  performs stage and table dances, and entertains customers on an hourly basis.

27  33.   Stated differently, dancers/entertainers dance on stage, perform table

28  dances, and entertain customers in VIP rooms, all while nude or semi-nude.

34.     Plaintiffs worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiffs were an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female dancers/ entertainers.

35.     Defendants did not pay dancers/ entertainers on an hourly basis.

36.     Defendants exercised significant control over Plaintiffs during their shifts and tell Plaintiffs what time she was permitted to leave.

37.     Defendants set prices for all VIP performances.

38.     Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

39.     Defendants controlled music for Plaintiffs' performances.

40.     Defendants controlled the means and manner in which Plaintiffs could perform.

41.     Defendants placed Plaintiffs on a schedule.

42.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

43.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

44.     Although Defendants allowed dancers/entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Fantasy Girls' dress and appearance standards, Plaintiffs typically expended approximately one (1) hour of time each shift getting ready for work without being paid any wages for such time getting ready.

45.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiffs whatsoever for any hours worked at their establishment.

46.     Defendants also required Plaintiffs to share their tips with Defendants and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the bouncers.

47.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers/entertainers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

48.     Defendants exercised significant control over Plaintiffs through written and unwritten policies and procedures. Defendants had visibly posted in the employees' locker room the written employee rules for late arrivals and early leaves and the corresponding fees for which performers would be responsible.

49.     Fantasy Girls provided and paid for all advertising and marketing efforts undertaken on behalf of Fantasy Girls.

50.     Fantasy Girls paid for the building used by Fantasy Girls, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

51.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

52.     Fantasy Girls' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Fantasy Girls.

53.     Nude dancing is an integral part of Fantasy Girls' operations. Fantasy Girls' advertising and logo prominently displays nude dancing for its customers. Fantasy Girls is well known as a "strip club."

54.     Fantasy Girls needs dancers/ entertainers to successfully and profitably operate the Fantasy Girls business model.

55.     The position of dancer/entertainer requires no managerial skill of others.

56.     The position of dancer/entertainer requires little other skill or education, formal or otherwise.

57.     The only requirements to become an entertainer at Fantasy Girls are "physical attributes" and the ability to dance seductively. Plaintiffs did not have a formal interview but instead was glanced over "up and down" and participated in a brief audition by the manager before being offered an employment opportunity. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendants do not require prior experience as an entertainer or any formal dance training as a job condition or prerequisite to employment. Defendants do not require the submission of an application or a resume as part of the hiring process. In fact, Plaintiffs have little or no formal dance training and experience before auditioning to dance at Fantasy Girls.

58.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by dancers/entertainers.

59.     Plaintiffs were not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during an eight-plus (8+) hour work shift.

60.     Plaintiffs were not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendants' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

61.     Plaintiffs were not paid an hourly minimum wage for the typical one (1) hour of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards. Plaintiffs estimates that she spent approximately five hundred U.S. Dollars ($500.00) annually on makeup, hair-related expenses, and outfits.

62.     Plaintiffs were not paid an hourly minimum wage for the time she was required to wait at Fantasy Girls until the premises and the parking lot were cleared of customers.

63.     Plaintiffs would work over forty (40) hours in some weeks each worked for Defendants.

64.     Defendants have never paid Plaintiffs any amount as wages whatsoever, and have instead unlawfully required Plaintiffs to pay them for the privilege of working.

65.     The only source of monies received by Plaintiffs relative to her employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiffs were required to pay to Defendants.

66.     Although Plaintiffs were required to and did in fact  work more than forty (40) hours per workweek or more than eight hours in a day, they would not be compensated at the FLSA mandated time-and-a-half (1 ½) rate for hours in excess of forty (40) per workweek. In fact, they received no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

67.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the sole intent to avoid paying her in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and

fees.

68.     Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other dancer/entertainer and failed to maintain and furnish wage statements to Plaintiffs.

69.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

70.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of her work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seek to put Defendants on notice that she intends to rely on *Anderson* to provide the extent of her unpaid work.

**B.     INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

71.     In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

72.     Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

73.     JAMY KASHMIRI and KAMY KESHMIRI are individually liable

for failing to pay Plaintiffs her wages. The actual identities of DOE
MANAGERS 1 through 3 and DOES 4 through 10 are unknown at this time.

**IV.   COLLECTIVE ACTION ALLEGATIONS**

74.     Plaintiffs hereby incorporate by reference and re-allege each and
every allegation set forth in each and every preceding paragraph as though fully
set forth herein.

75.     Plaintiffs bring this action as an FLSA collective action pursuant to
29 U.S.C. § 216(b) on behalf of all persons who were or are employed by
Defendants as exotic dancers/entertainers at any time during the three (3) years
prior to the commencement of the Becker action (Case no. 3:19-cv-00602-LRH-
WGC) to present.

76.     Plaintiffs have actual knowledge that the FLSA Class Members have
also been denied minimum wage and also overtime pay for hours worked over
forty (40) hours per workweek and have been denied pay at the federally
mandated minimum wage rate. That is, Plaintiffs worked with other dancers at
Fantasy Girls. As such, they have firsthand personal knowledge of the same pay
violations throughout Defendants' club. Furthermore, other exotic
dancers/entertainers at Defendants' club Fantasy Girls have shared with them
similar pay violation experiences as those described in this Complaint.

77.     Other employees similarly situated to the Plaintiffs work or have
worked at Fantasy Girls but were not paid overtime at the rate of one and one-
half (1½) their regular rate when those hours exceeded forty (40) hours per
workweek. Furthermore, these same employees were denied pay at the federally
mandated minimum wage rate. The other employees were forced to pay house
fees, subsidize Defendants employment costs by being forced to pay their tips to
other employers, and then pay a percentage of their tips to Defendants.

78.     Although Defendants permitted and/or required the FLSA Class
Members to work in excess of forty (40) hours per workweek, Defendants have

denied them full compensation for their hours worked over forty (40). Defendants have also denied them full compensation at the federally mandated minimum wage rate.

79.    FLSA Class Members perform or have performed the same or similar work as the Plaintiffs.

80.    FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

81.    FLSA Class Members regularly work or have worked and did not receive minimum wage.

82.    FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

83.    As such, FLSA Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

84.    Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

85.    The experiences of the Plaintiffs, with respect to her pay, are typical of the experiences of the FLSA Class Members.

86.    The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

87.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

88.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

89.     Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

90.     As such, Plaintiffs brings her FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers/entertainers who worked at the Fantasy Girls located in Reno, Nevada at any time starting three (3) years before this original related Becker Complaint was filed.**

**V.      CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**

**(By Plaintiffs Against All Defendants)**

91.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

92.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

93.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

94.     Defendants failed to pay Plaintiffs the minimum wage in violation of 29 U.S.C. § 206.

95.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the minimum wage under the FLSA.

96.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their misclassification scheme and compensation policies were illegal.

97.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA, 29 U.S.C. § 207 (By Plaintiffs Against All Defendants)

98.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

99.     Each Defendants is an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

100.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

101.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

102.    Defendants failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in

violation of 29 U.S.C. § 207.

103.   Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the overtime wage required under the FLSA.

104.   Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their misclassification scheme and compensation policies were unlawful.

105.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

#### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203
#### (By Plaintiffs Against All Defendants)

106.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

107.   Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

108.   At all relevant times, each Defendants is an "employer" or joint employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

109.   Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

110.   Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged

in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

111.   Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

112.   Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

113.   Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, security, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

114.   The contribution the Defendants required Plaintiffs to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiffs other dancers; but rather, was imposed upon Plaintiffs and other dancers.

115.   By requiring Plaintiffs to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

116.   Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

117.   At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of

this, Defendants willfully failed and refused to pay Plaintiffs the proper amount of the tips to which she was entitled.

118.   Defendants' willful failure and refusal to pay Plaintiffs the tips she earned violates the FLSA.

119.   Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

120.   As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs are entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## FOURTH CAUSE OF ACTION
### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35
### (By Plaintiffs Against All Defendants)

121.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

122.   Defendants required Plaintiffs to pay monetary fees to Defendants and other Fantasy Girls employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

123.   Defendants' requirement that Plaintiffs pay fees to Defendants and other Fantasy Girls employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

124.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

125.   Because Defendants violated the "free and clear" requirement of 29

C.F.R. § 531.35, all monetary fees imposed on Plaintiffs are classified as illegal kickbacks.

126.   Plaintiffs are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay in order to work at Fantasy Girls, involving but not limited to house fees.

## FIFTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

### (By Plaintiffs Against All Defendants)

127.   Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

128.   Defendants required Plaintiffs to pay monetary fees to other Fantasy Girls employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

129.   Defendants' requirement that Plaintiffs pay fees to other Fantasy Girls employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

130.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

131.   Plaintiffs are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at Fantasy Girls, involving but not limited to forced tip sharing.

///
///
///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests of this Court the following relief:

1. For compensatory damages according to proof at trial of at least $100,000, per Plaintiff, for jurisdictional purposes;

2. For special damages according to proof at trial;

3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven at trial;

11. For declaratory relief;

12. For injunctive relief; and

13. For such other and further relief as the tribunal may deem just and proper.

Dated:        August 24, 2020        **THE O'MARA LAW FIRM, P.C. & KRISTENSEN LLP**

*/s/ David C. O'Mara*
David C. O'Mara
John P. Kristensen

***Attorneys for Plaintiffs***

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all such triable claims.

1    Dated:        August 24, 2020        **THE O'MARA LAW FIRM, P.C.&**
                                          **KRISTENSEN LLP**

2

3                                         */s/ David C. O'Mara*
                                          David C. O'Mara

4                                         John P. Kristensen

5
                                          ***Attorneys for Plaintiffs***
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28