Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermabuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, NV Bar No. 12225
Joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN DORIO, an individual, QUIANNA HUNT, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; FANTASY GIRLS, LLC. A Nevada Limited Liability Corporation, DOE MANAGERS 1-3; and DOES 4-100, inclusive,<br><br>　　　　Defendants. | Case No.: 3:20-cv-00482-LRH-WGC<br><br>**MOTION TO DISMISS and/or COMPEL INDIVIDUAL ARBITRATION and MEMORANDUM IN SUPPORT THEREOF**<br><br>Fed. R. Civ. Pro. 12(b)6 |

## **MOTION**

Come now Defendants KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; and FANTASY GIRLS, LLC. A Nevada limited Liability Corporation, ("Defendants"), and moves this Court pursuant to FR Civ. P. Rule 12(b)(6) to:

1)　Dismiss the Plaintiffs' complaint pursuant the Federal Arbitration Act, 9 USC § 1 et seq, herein after referred to also as the "FAA" on the grounds Plaintiffs KAREN DORIO and QUIANNA HUNT ("Plaintiffs') have executed a

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

"Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions" (hereinafter the "Arbitration Agreement" or "Agreement"); and/or

2) To compel arbitration pursuant to the FAA according to the terms of the Agreement.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth herein, the declaration of Dale Tucker to be filed shortly hereafter,[1] and the "Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions" signed by Plaintiffs attached herero as Exhibit A and Exhibit B, and all attached exhibits, pleadings and documents on file in this matter, and upon such evidence and arguments as may properly come before the Court at the time of the hearing.

DATED: October 8, 2020.                         Respectfully Submitted,

                                                THIERMAN BUCK LLP


                                                /s/ Mark R. Thierman
                                                Mark R. Thierman

---

[1] Due to cloud computer issues with CLIO and FasterLaw, this office may not be able to file Mr. Tucker's declaration until tomorrow.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR COMPEL ARBITRATION

### I.   INTRODUCTION

For the reasons more fully set forth herein, the Court should: 1) Dismiss the Plaintiffs complaint pursuant to the Federal Arbitration Act, 9 USC § 1 et seq, hereinafter referred to also as the "FAA" on the grounds Plaintiffs KAREN DORIO and QUIANNA HUNT have executed a "Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions"[2]; and/or 2) Compel arbitration according to the terms of the Agreement. Because Defendants' Counsel has previously sent a copy of the Plaintiffs' signed arbitration agreement to Plaintiffs' Counsel herein, Defendants reserve the right to make a subsequent motion for attorneys' fees and costs pursuant to FRCP. Rule 11.

### II.   STATEMENT OF UNDISPUTED FACTS

On or about May 15, 2014, Plaintiff' QUIANNA HUNT and on or about July 24, 2014, KAREN DORIO signed a document entitled "Dancer/Entertainer Independent Contractor Agreement with Arbitration and Class Action Waiver Provisions." *See* Exhibit A and Exhibit B respectively. In Article 9 of the Agreement, Plaintiffs' waive all their class and collective action claims in favor of individual arbitration for all disputes arising out of the relationship between Plaintiffs and Defendants. As stated in paragraph 9.2 of the agreement:

> The Company and the Contractor mutually agree that any dispute or controversy arising out of or in any way related to any "Dispute," as defined herein, shall be resolved exclusively by final and binding arbitration … .

"Disputes" is defined at paragraph 9.3 of the Agreement to include all the same issues contained within Plaintiffs complaint in this action, specifically wages and other compensation resulting from the independent contractor status of Plaintiffs. The aforesaid Agreement specifically states at paragraph 9.3:

---

[2] *See* Exhibit A and Exhibit B, attached, the "Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions", hereinafter "Arbitration Agreement" or "Agreement."

> For purposes of this Agreement, the term "Disputes" means and includes any claim or action arising out of or in any way related the hire. employment. remuneration, separation or termination of the contractor, at any time, including retroactively to the time of the contractor's first performance at the Company's locations.  The potential "Disputes" which the parties agree arbitrate, pursuant to this Agreement, include but are not limited to: ***claims that the Contractor is an employee rather than an independent contractor***, ***claims for wages or other compensation due***; claims for breach of any contract or covenant (express or implied) between the parties to this agreement or any agreement where either party claims to be the third party beneficiary of an contact involving the other party hereto; claims for unlawful discrimination, retaliation or harassment (Including, but not limited to, claims based on employment benefits (except where an benefit or pension plan agreement contains a claims procedure which expressly provides for a final and binding arbitration procedure different from this one)), and Disputes arising out of or relating to the termination of the contractual relationship between parties, whether based on common law or statute, regulation, or ordinance.

*See* Exhibits A and B at ¶ 9.3, emphasis supplied.

At paragraph 9.4 of the Agreement, the Plaintiffs waives their right to proceed in Court, as well as waives their right to proceed on a class or collective action basis in any forum. Paragraph 9.4 states:

> Each of the parties hereto voluntarily and Irrevocably waives any and all rights to have any Dispute heard or resolved in any forum other than through arbitration as provided herein, and the only on an individual basis rather than as a participant in any class or collectively action.  This waiver specifically includes, but is not limited to, any right trial by Jury and the right to bring any action in any court, as well as the right to participate in any class or collectively action.

*Id.*

Notably, under the Agreement, the cost of arbitration to the Plaintiff is limited to no more than Court costs in this action, and if a statute provides for the prevailing plaintiff to receive attorneys fees, such as with the Fair Labor Standards Act "FLSA" (the statute under which the Plaintiff has sued in this Court), then the arbitrator is empowered to award the Plaintiff the same

relief, i.e., attorney's fees pursuant to the statute. Specifically, the Agreement clearly states in the second half of paragraph 9.7:

> In any arbitration held pursuant to this Agreement, the parties shall bear equally all fees and costs of arbitration, including the Arbitrator's fee, except that Contractor's share of such fees and costs of arbitration shall not exceed the then-current total filing fee and costs (sic) In any court in which contractor could have filed suit. Each party shall pay for its own attorney's fee and costs, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorney's fee or if there is a written agreement providing for attorney's fees, then the Arbitrator may award reasonable fees to the prevailing party.

*Id.*

> I REALIZE THAT THIS AGREEMENT CONTAINS AN ARBITRATION PROVISIONS THAT REQUIRES ALL DISPUTES TO BE ARBITRATED BY THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND THAT I AM GIVING UP MY RIGHT TO FILE A LAWSUIT IN COURT, INDIVIDUALLY AND A PART OF ANY CLASS AND/OR COLLECTIVE ACTION.

*Id.* at p. 9.

Nevertheless, approximately six years in Plaintiff Dorios' case and five years in Plaintiff Hunts' case[3] after signing the Arbitration Agreements, Plaintiffs filed the instant suit on October 10, 2020. S*ee* ECF No. 2.

Despite this clear agreement not to sue in Federal Court, especially over the issue of independent contractor status and compensation, Plaintiffs lawsuit asserts compensation due as if she were an employee rather than an independent contractor.

### III.   ARGUMENT

    **A.   The Agreement To Arbitrate and Class Action Waiver Must Be Enforced Because It Is Neither Procedurally Nor Substantively Unconscionable**

---

[3] *See* Ex. B, Hunt Agreement - Hunt actually signed two Agreements, one in 2014 and one in 2015.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Procedural and substantive unconscionability must both be present for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable. Once it is established that a dispute falls within the scope of an arbitration agreement, a court must order arbitration unless the agreement is unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 USC § 2. The Federal Arbitration Act's ("FAA") savings clause recognizes only "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018) *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013). The Court of Appeals for the Ninth Circuit recently explained in *Dorman v. Charles Schwab Corp.*:

> No party can be compelled under the FAA to arbitrate on a class-wide or collective basis unless it agrees to do so by contract. *Stolt-Nielsen SA v. AnimalFeeds Int'l Cor*p., 559 US 662, 684, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010). The Supreme Court's recent decision in *Lamps Plus, Inc. v. Varela,* —— US ——, 139 S. Ct. 1407, 203 L.Ed.2d 636 (2019), confirms that the parties here should be ordered into individual arbitration, as they did not agree to class-wide or collective arbitration. Because "arbitration is a matter of contract," the Provision's waiver of class-wide and collective arbitration must be enforced according to its terms, and the arbitration must be conducted on an individualized basis. See *Am. Express Co.,* 570 US at 233, 133 S.Ct. 2304.

*Dorman v. Charles Schwab Corp.*, No. 18-15281, 2019 WL 3939644 (9th Cir. Aug. 20, 2019).

In Nevada, like most states, a contract must be both procedurally and substantively unconscionable before a court can rescind its terms. "Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a ... clause as unconscionable." *See Burch v. Second Judicial Dist. Court of State ex rel. Cty. of Washoe*, 118 Nev. 438, 49 P.3d 647 (2002), quoted in *D.R. Horton, Inc. v. Green,* 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004), overruled on other grounds by US *Home Corp. v. Michael Ballesteros* Tr., 134 Nev. 180, 415 P.3d 32 (2018);[4] *see also Henderson v. Watson*, No. 64545,

---

[4] *U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 192, 415 P.3d 32, 42 (2018) states: "To the extent our holdings in *D.R. Horton* and *Gonski* regarding the unconscionability of arbitration agreements disfavor arbitration in cases controlled by the FAA, they are overruled because they do not establish rules that "exist at law or in equity for the revocation of *any*

2015 WL 2092073, at *1 (Nev. April 29, 2015) "[t]o conclude that a contract is unenforceable based on unconscionability, the contract must be both procedurally and substantively unconscionable." (*citing Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (Cal. 2000)).

> **B.   The United States Supreme Court Has Held Class Action Waivers Are Not Substantively Unconscionable.**

In the case of *AT&T Mobility LLC v. Concepcion,* 563 US 333, 352, 131 S. Ct. 1740, 1753, 179 L. Ed. 2d 742 (2011), the United States Supreme Court overruled California's Discover Bank rule on the grounds of FAA preemption. In *Discover Bank*, 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100, the California Supreme Court held that "class action waivers are, under certain circumstances, unconscionable as unlawfully exculpatory." *Id.*, at 165, 30 Cal.Rptr.3d 76, 113 P.3d, at 1112; *see also id*., at 161, 30 Cal.Rptr.3d 76, 113 P.3d, at 1108 ("[C]lass action waivers [may be] substantively unconscionable since they may operate effectively as exculpatory contract clauses that are contrary to public policy"). The California court concluded that where a class-action waiver is found in an arbitration agreement in specific consumer contracts of adhesion, such waivers "should not be enforced." *Id.,* at 163, 30 Cal.Rptr.3d 76, 113 P.3d, at 1110. In practice, the California court explained, such agreements "operate to insulate a party from liability that otherwise would be imposed under California law." *Id.,* at 161, 30 Cal.Rptr.3d 76, 113 P.3d, at 1109. The Court did not conclude that a customer would sign such an agreement only if under the influence of fraud, duress, or delusion. In *AT&T Mobility*, the Court overruled the California Discover Bank rule because it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz*, 312 US 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

> **C.    In Addition, the Complaint Fails to Allege Facts Sufficient to State a Claim Under the Department of Labor's Regulations Clarifying the Independent Contractor Status of Self-Employed Persons.**

---

contract." 9 U.S.C. § 2 (emphasis added). Rather, the procedural unconscionability rules established in those cases either apply only to arbitration agreements or, in practice, have a disproportionate effect on arbitration agreements."

To plead a "plausible claim for relief, under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), the plaintiff in an FLSA case must plead facts showing she was an employee and not an independent contractor, as only employees are entitled to the protections of the Fair Labor Standards Act. On April 29, 2019, the Wage Hour Division of the United States Department of Labor issued opinion letter FLSA 2019-6 and on September 25, 2020, the US Department of Labor ("DOL") issued proposed rule clarifications in Vol. 85, No. 187 of the Federal Register concerning "Independent Contractor Status Under the Fair Labor Standards Act." The DOL said it was issuing new regulations to clarify any misunderstandings over who is an employee and who is an independent contractor for purposes of the federal overtime laws.[5] In order to avoid the situation like in California where dancers are treated like employees, the DOL stated it wanted to review and confirm the criteria of independent contractors, and that independent contractors are responsible for their own earnings and taxes. These rules are a clarification of existing law, and therefore, apply retroactively.

Independent contractors are not employees for purposes of the federal wage law. That means that under the Fair Labor Standards Act a business does not have to pay minimum wage or overtime to an independent contractor. A worker is an employee under the federal wage laws if as a matter of economic reality that worker is dependent on the business that engages him or her. On the other hand, a worker is an independent contractor if he or she as a matter of economic reality is in business for himself or herself.

This determination requires more than just a conclusionary statement. The economic realities are that dancers at Defendants' club do not share in the profits of the club (whose main business is selling alcohol) and the club does not share in the profits of the dancers (whose main business is selling themselves as entertainers). Dancers are separately licensed both as sole proprietors by the State of Nevada, and the City of Reno, and carry a Reno Police Department work card that entitles them to dance at any interactive cabarets in Reno. Dancers often perform

---

[5] For purposes of the state of Nevada wage laws, the relevant rules were contained in SB 224 which was codified at NRS 608.0155 "Persons presumed to be independent contractor." Plaintiffs have not plead a cause of action under Nevada law presumably because they do not meet the state of Nevada's definition either.

at several venues even during the same week or day. They come and go as they please, work when they want, and are subject to house rules that are imposed by the City of Reno rather than by the Clubs themselves. The imposition of work rules that are imposed by licensing authorities and/or are the same for customers means that the dancers are not employees, but independent contractors like any other performer at a theater, open mic café, or concert hall—they rent the stage or pay a fee for use of the facilities, but are responsible for their own profit and loss. In fact, dancers often make more money when the club makes less because the customers are talking to the dancers rather than drinking alcohol.

There are two core factors and three other factors that the rules say control whether an individual is an independent contractor or an employee. The two core factors are the most important ones and they're the ones that are going to be afforded the greater weight in the analysis. If both of them point to the same classification, whether its employee or independent contractor, then there's going to be a substantial likelihood that's the right answer regardless of how the three other factors play out.

The first core factor is the nature and degree of the individual's control over the work. Although at this pleading stage, the dancer should state the facts upon which she relies to prove she is an employee rather than an independent contractor. If the worker exercises substantial control over key aspects of the performance of the work like picking her own music, doing her own interpretative steps, setting her own schedule, selecting the customers she solicits, and being able to work for other clients, that's the individual controlling the work. If the dancer cannot state under oath that the business exercises substantial control over the performance of the work such as by controlling the worker's schedule, picking the music, selecting the dance steps or pole tricks, and by prohibiting the worker from working for other companies or clients, then the complaint will fail to state a claim.

The second core factor is the individual's opportunity for profit or loss. Under this factor a worker is going to be likely more viewed as an independent contractor if he or she has the ability to earn profit or incur losses based on their exercise of initiative like managerial skills or business acumen or judgment or based on their investment or capital expenditure on material or

equipment or helpers. If the dancer buys her own costumes, and the only restrictions are those imposed by the City of Reno, then the dancer is likely to be an independent contractor. If the dancer is responsible for learning her own pole tricks, either by practicing with others or paying to go to pole school, then she is investing in herself, as an entertainer. If she deducts from her income taxes the cost of makeup, clothing, shoes, and other items necessary for performance, she is an independent contractor. If she can't allege that Fantasy Girls has purchased those things for her, her complaint must be dismissed as she is not an employee. If she can increase her profit by talking to more customers, soliciting more "private time" or asking for greater tips, then she is not an employee.

## IV.   CONCLUSION

For the foregoing reasons, this Court should enter an order pursuant to FRCP 12(b)(6) to:

1) Dismiss the Plaintiff's complaint pursuant to the Federal Arbitration Act (9 USC § 1 et seq, hereinafter referred to also as the "FAA") on the grounds Plaintiffs KAREN DORIO and QUIANNA HUNT have executed a "Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions"; and/or

2) Compel Plaintiff to arbitrate her claims according to the terms of her Agreement.

3) Require the Plaintiff to plead with particularity facts showing she is an employee rather than an independent contractor.

Defendants reserve the right to make a motion pursuant to FRCP. P. Rule 11 for costs of suit including attorney's fees for having to bring this Motion.

DATED: October 8, 2020.                             Respectfully Submitted,

**THIERMAN BUCK LLP**

/s/ *Mark R. Thierman*
Mark R. Thierman
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

Pursuant for FRCP 5(b) and LR IC 4-1(d), I hereby certify that I am an employee of Thierman Buck Law Firm, and that on this the 20th of February 2020 I served a true and correct copy of the forgoing **MOTION TO DISMISS and/or COMPEL INDIVIDUAL ARBITRATION and MEMORANDUM IN SUPPORT THEREOF** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David C. O'Mara
John P. Kristensen

*Attorneys for the Plaintiffs*

                                             */s/ Jennifer Edison-Strekal*
                                             An employee if Thierman Buck Law Firm

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com