THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

State of Nevada

County of Washoe

I, Dale Tucker, hereby declare and state:

    I am the day manager at Fantasy Girls, an adult interactive cabaret located at 1095 East 4th Street, Reno, 89512.  Before I allow any adult interactive cabaret performer to work during my shift, I make sure the dancer has all licenses and work card permits required by the City of Reno, and that the dancer has received, agreed to and signed "Dancer/Entertainer Independent Contractor Agreement With Arbitration and Class Action Waiver Provisions" hereinafter also referred to simply as the "agreement." On July 24, 2014, Ms. Karen Dorio and on May 15, 2014 Ms. Quianna Hunt signed such an agreement.  A true and correct copy of the agreements Ms. Dorio and Ms. Hunt signed are attached hereto as Exhibit A and Exhibit B respectively.

In Article 9 of the agreement, Ms. Dorio and Ms. Hunt agreed to waiver  all of  their rights to bring a  class and/or  collective actions in favor of individual arbitration for all disputes arising out of the relationship between themselves and Fantasy Girls.   As stated in paragraph 9.2 of the agreement:

> The Company and the Contractor mutually agree that any dispute or controversy arising out of or in any way related to any "Dispute," as defined herein, shall be resolved exclusively by final and binding arbitration,

    The agreement requires that the arbitration be kept confidential because many of the dancers are reluctant to come forward with a claim because they fear public exposure may lead to embarrassment.  Many are single mothers, and have lives outside of work, where it would not be seen as respectable for them to be dancers.  The confidentiality is solely for the benefit of the dancer and can be waived by mutual consent.

    The agreement covers disputes about wages and compensation arising out of the independent contractor status of the Dancer.  This agreement specifically says at paragraph 9.3 with emphasis supplied:

> For purposes of this Agreement. the term "Disputes" means and includes any claim or action arising out of or in any way related the hire. employment. remuneration, separation or termination of the contractor, at any time, including retroactively to

- 1 -
Declaration of Dale Tucker

the time of the Contractor's first performance at the Company's locations. The potential "Disputes" which the parties agree arbitrate, pursuant to this Agreement, include but are not limited to: claims that the Contractor is an employee rather than an independent contractor, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied) between the parties to this agreement or any agreement where either party claims to be the third party beneficiary of an contact involving the other party hereto; claims for unlawful discrimination, retaliation or harassment (Including, but not limited to, claims based on employment benefits (except where an benefit or pension plan agreement contains a claims procedure which expressly provides for a final and binding arbitration procedure different from this one)), and Disputes arising out of or relating to the termination of the contractual relationship between parties, whether based on common law or statute, regulation, or ordinance.

At paragraph 9.4 of the agreement, the Ms. Dorio and Ms. Hunt waive their right to proceed in court, and to proceed on a class or collective action in any forum. As paragraph 9.4 states:

Under the agreement, the cost of arbitration to the Ms. Dorio and Ms. Hunt are limited to no more than Court costs in this action, and if a statute provides for the prevailing Ms. Dorio and Ms. Hunt are to receive attorney's fees, like the Fair Labor Standards Act does then the arbitrator is empowered to award the Ms. Dorio and Ms. Hunt the same relief as any court could, i.e. Attorney's fees pursuant to the statute. As the agreement states in the second half of paragraph 9.7:

In any arbitration held pursuant to this Agreement, the parties shall bear equally all fees and costs of arbitration, including the Arbitrator's fee, except that Contractor's share of such fees and costs of arbitration shall not exceed the then-current total filing fee and costs in any court in which contractor could have filed suit. Each party shall pay for its own attorney's fee and costs, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorney's fee or if there is a written agreement providing for attorney's fees, then the Arbitrator may award reasonable fees to the prevailing party.

Finally, in all capital letters, above the signature line, the Ms. Dorio and Ms. Hunt again agreed to waive its right to seek relief in Court, as the agreement stated in all capital letters:

I REALIZE THAT THIS AGREEMENT CONTAINS AN ARBITRATION PROVISIONS THAT REQUIRES ALL DISPUTES TO BE ARBITRATED BY THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND THAT I AM GIVING UP MY RIGHT TO FILE A

LAWSUIT IN COURT, INDIVIDUALLY AND A PART OF ANY CLASS AND/OR COLLECTIVE ACTION.

The City of Reno frequently inspects the records for all dancers allowed to perform at Fantasy Girls. These records are kept in the normal course of business and relied upon by Fantasy Girls to show inspecting government officials that Fantasy Girls is in full compliance with all its legal requirements under Reno Municipal Code Chapter 4 and 5.

I have read the forgoing declaration consisting of this single page and two others, and declare under penalty of perjury that it is true and correct.

Executed 10/8/2020 at Reno, Nevada.

*Dale Tucker*
Dale Tucker