John P. Kristensen (*Pro Hac Vice*)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Facsimile: (310) 507-7906
*john@kristensenlaw.com*

David C. O'Mara (SBN 08599)
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, NV 89501
Telephone: 775-323-1321
Facsmile: 775-323-4082
*david@omaralaw.net*

*Lead Attorneys for Plaintiffs*

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – RENO DIVISION

| | |
|---|---|
| KAREN DORIO, an individual; QUIANNA HUNT, an individual; and SARA KELLY, an individual, | ) Case No.: 3:20-cv-0482-LRH-WGC )<br>) **COLLECTIVE ACTION** ) |
| Plaintiffs, | ) **Assigned to Hon. Larry R. Hicks** ) |
| vs. | ) **PLAINTIFFS' MOTION FOR** |
| KAMY KESHMIRI, an individual; JAMY KESHMIRI, an individual; FANTASY GIRLS, LLC, a Nevada limited liability corporation; DOE MANAGERS 1-3; and DOES 4-100, inclusive, | ) **CONDITIONAL CERTIFICATION** ) **AND ISSUANCE OF NOTICE** ) **PURSUANT TO FAIR LABOR** ) **STANDARDS ACT, 29 U.S.C. § 216(b)** )<br>) **Complaint Filed: August 24, 2020** ) |
| Defendants. | ) **Related Case: 3:19-cv-0602-LRH-WGC** )<br>) |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiffs Karen Dorio, Quianna Hunt, and Sara Kelly, will and hereby do move this Court pursuant to 29 U.S.C. § 216(b) for an order conditionally certifying this matter as a collective action and allowing notice of this action to be sent to dancers who have performed at the defendants' club Fantasy Girls in the past three years.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration and exhibits thereto, the pleadings, and all other papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated:  October 22, 2020            Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (*Pro Hac Vice*)
john@kristensenlaw.com
**KRISTENSEN LLP**

David C. O'Mara (SBN 08599)
*david@omaralaw.net*
**THE O'MARA LAW FIRM, P.C.**

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................ 1

    **I.**    **Introduction** ................................................................................ 1

    **II.**    **Relevant Facts and Allegations** ................................................ 2

        **A.**    **Similarly Situated Class Members Exist through Defendants' Control of Dancers, Common Scheme of Misclassifying Dancers as Independent Contractors and Wage and Tip Policies** ................................................. 3

    **III.**    **District and Circuit Courts Have Routinely Held that Exotic Dance Clubs Similar Economic Schemes Violate the FLSA** ................. 4

    **IV.**    **Legal Standard** .......................................................................... 5

    **V.**    **Argument** .................................................................................... 6

        **A.**    **Plaintiffs Have Made Their Required Modest Factual Showing That Similarly Situated Class Members Exist** ............ 6

        **B.**    **The Court Should Reject Arguments Regarding the Need for "Individualized Inquiries" as Premature at This Stage and, in Any Event, Incorrect** ................................................ 7

        **C.**    **The Court Should Not Delay Ruling on this Motion Until It Rules on any Anticipated Motions to Compel Arbitration & The Lack of Tolling of FLSA Claims Makes Timing Critical** ............................................................ 8

        **D.**    **The Court Should Approve Plaintiffs' Proposed Notice and Notice Process** ................................................................. 12

        **E.**    **The Court Should Equitably Toll the Statute of Limitations During the Notice Period** ...................................... 13

            **1.**    **The FLSA Allows for Equitable Tolling** ......................... 14

            **2.**    **Equitable Tolling Is Necessary to Advance the Interests of Justice and the Public Policy Underlying the FLSA** ................................................... 15

            **3.**    **The Court Should Equitably Toll the Statute of Limitations from the Date This Matter Is Conditionally Certified to the Time the Notice Period Ends** ................................................................. 16

    **VI.**    **Conclusion** ................................................................................ 17

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– i –**

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Adams v. Inter-Con Sec. Sys., Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007) .................................................................5, 13

4

*Albanil v. Coast 2 Coast, Inc.*,
    No. 5-08-486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) .............................8

5

6

*Ali v. Sugarland Petroleum*,
    No. 4:09-cv-0170, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009) ......................11

7

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
    No. 06-0715 SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ...........................15

8

*Benedict v. Hewlett-Packard Co.*,
    No. 13-CV-00119-LHK, 2014 WL 587135 (N.D. Cal. Feb. 13, 2014) ...............6

9

10

*Bergman v. Kindred Healthcare, Inc.*,
    949 F.Supp.2d 852, 860-861 (N.D. Ill. June 11, 2013) .......................................17

11

*Butler v. PP & G, Inc.*,
    No. CIV.A. WMN–13–430, 2013 WL 5964476 (D.Md. Nov. 7, 2013)...............4

12

13

*Butler v. PP & G, Inc.*,
    No. CIV.A. WMN–13–430, 2014 WL 199001 (D.Md. Jan. 16, 2014) ...............4

14

*Carrillo v. Schneider Logistics, Inc.*,
    No. CV 11-8557 CAS (DTBx), 2012 WL 556309 (C. D. Cal. Jan. 31, 2012) ...14

15

16

*Castle v. Wells Fargo Fin., Inc.*,
    2007 WL 1105118 (N.D. Cal. Apr. 10, 2007).................................................15, 16

17

*Church v. Consol. Freightways, Inc.*,
    137 F.R.D. 294 (N.D. Cal. 1991) ........................................................................8

18

19

*Clendenen v. Steak N Shake Operations, Inc.*,
    No. 4:17-cv-01506-JAR, 2018 WL 4679728 (E.D. Mo. Sept. 28, 2018) ..........17

20

*Clincy v. Galardi S. Enters., Inc.*,
    808 F.Supp.2d 1326 (N.D. Ga. 2011) .................................................................4

21

22

*Collins v. Barney's Barn, Inc.*,
    No. 4:12CV00685 SWW (E.D. Ark. Nov. 14, 2013) ..........................................4

23

*Collins v. DKL Ventures, LLC*,
    No. 16-cv-00070-MSK-KMT, 2016 WL 852880 (D. Colo. Mar. 4, 2016) ........16

24

25

*Conde v. Open Door Marketing, LLC*,
    No. 15-cv-04080-KAW, 2016 WL 1427641 (N.D. Cal. April 12, 2016) ...........11

26

*Coppernoll v. Hamcor,Inc.*,
    No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017) ..............16

27

28

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT
TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– ii –**

*Curless v. Great Am. Real Food Fast*,
    280 F.R.D. 429 (S.D. Ill. Jan. 18, 2012)....................................................7

*D'Antuono v. C & G of Groton, Inc.*,
    No. 3:11cv33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011) ..........6, 7, 9

*Davenport v. Charter Communs., LLC*,
    No. 4:12CV0007 AGF, 2014 WL 2993739 (E.D. Mo. July 3, 2014)................17

*Davis v. Four Seasons Hotel Ltd*.,
    No. 08-00525 HG-BMK, 2011 WL 4590393 (D. Haw. Sept. 30, 2011) ...........11

*Davis v. Novastar Mortg., Inc.*,
    408 F.Supp.2d 811 (W.D. Mo. 2005)....................................................11

*Deatrick v. Securitas Sec. Servs. USA, Inc.*,
    No. 13-cv-05016-JST, 2014 WL 878203 (N.D. Cal. Oct. 20, 2014) ................13

*Degidio v. Crazy Horse Saloon & Rest., Inc.*,
    No. 4:13-cv-02136-BHH, 2015 WL 5834280 (D.S.C. Sept. 30, 2015)...............6

*Garcia v. JC Penny Corp., Inc.*,
    No. 12-cv-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016)..............................12

*Gerlach v. Wells Fargo & Co*.,
    No. C 05-0585 CW, 2006 WL 824652 (N.D. Cal. Mar.28, 2006).......................8

*Getchman v. Pyramid Consulting, Inc.*,
    No. 4:16 CV 1208 CDP, 2017 WL 713034 (E.D. Mo. Feb. 23, 2017)..............17

*Green v. Plantation of Louisiana, LLC*,
    No. 2:10-0364, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) ......................7, 11

*Green v. Plantation of Louisiana, LLC*,
    No. 2:10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010) ...........................7

*Guy v. Casal Inst. Of Nevada, LLC*,
    No. 2:13-CV-02263-APG, 2014 WL 1899006 (D. Nev. May 12, 2014)...........12

*Harrell v. Diamond A Entm't. Inc.*,
    992 F.Supp. 1343 (M.D. Fla. 1997) ......................................................5

*Hart v. Rick's Cabaret Int'l, Inc.*,
    967 F.Supp.2d 901 (S.D.N.Y. 2013) .....................................................4

*Henderson v. 1400 Northside* Drive, Inc.,
    No. 1:13–CV–3767–TWT, 2015 WL 3823995 (N.D. Ga. June 19, 2015)...........4

*Hernandez v. Immortal Rise, Inc.*,
    No. 11 CV 4360 (RRM) (LB), 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012)..11

*Hernandez v. NGM Mgmt. Grp. LLC*,
    No. 12 Civ. 7795(RWS), 2013 WL 5303766 (S.D.N.Y. Sep. 20, 2013) ...........13

*Hill v. R+L Carriers, Inc.*,
    690 F.Supp.2d 1001 (N.D. Cal. 2010).....................................................1

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– iii –**

*Hoffman- LaRoche Inc. v. Sperling*,
    493 U.S. 165 (1989) ...................................................................................10, 13

*Hoffman v. Sbarro, Inc.*,
    982 F.Supp. 249 (S.D.N.Y 1997) .........................................................10

*Hoffmann–La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ...................................................................................5, 13

*Holliday v. JS Express, Inc.*,
    No. 4:12CV01732 ERW, 2013 WL 2395333 (E.D. Mo. May 30, 2013) ...........17

*Holmberg v. Ambrecht*,
    327 U.S. 392 (1946) .........................................................................14

*Hughes v. S.A.W. Entm't, Ltd.*,
    No. 16-cv-03371-LB, 2019 WL 3979592 (N.D. Cal. Aug. 23, 2019) ...............16

*In re Penthouse Executive Club Comp. Litig.*,
    No. 10 Civ. 1145(NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010)..............7

*Johnson v. Serenity Transportation*,
    No. 15-cv-02004-JSC, 2016 WL 1569984 (N.D. Cal. Apr. 19, 2016) ..............14

*Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012)...................................................................................7

*Jones v. JGC Dallas LLC*,
    No. 3:11-CV-2743-O, 2013 WL 271665 (N.D. Tex. Jan.23, 2013) ....................7

*Kress v. PricewaterhouseCoopers, LLP*, .
    263 F.R.D. 623 (E.D. Cal. 2009)........................................................9

*Leuthold v. Destination Am., Inc.*,
    224 F.R.D. 462 (N.D. Cal. 2004) ........................................................5

*Levi v. Gulliver's Tavern, Incorporated*,
    No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018)......................4

*Lew v. Countrywide Fin. Corp.*,
    No. C08-1993 SC, 2009 WL 1384975 (N.D. Cal. Feb. 4, 2009) .................15, 16

*Lewis v. Nevada Property 1, LLC*,
    No. 2:12-cv-01564-MMD-GWF, 2013 WL 237098 (D. Nev. Jan. 22, 2013) ....12

*Lewis v. Wells Fargo Co.*,
    669 F.Supp.2d 1124 (N.D. Cal. 2009)....................................................8

*Marshall v. Amsted Indus., Inc.*,
    No. 10-cv-0011-MJR-CJP, 2010 WL 2404340 (S.D. Ill. June 16, 2010)............7

*Martin v. Priba Corp.*,
    No. 3:91-CV-2786-G, 1992 WL 486911 (N.D. Tex. 1992)...............................5

*Martin v. Sprint/united Mgmt. Co.*,
    No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016)..................13

*Mason v. Fantasy, LLC*,
    No. 13–CV–02020–RM–KLM, 2015 WL 4512327 (D.Colo. July 27, 2015) ......4

*McFeeley v. Jackson St. Ent., LLC*,
    47 F.Supp.3d 260 (D.Md.2014) ...........................................................................4

*Morse v. Mer Corp.*,
    No. 1:08-cv-1389-WTL-JMS, 2010 WL 2346334 (S.D. Ind. 2010) ...................4

*Nash v. CVS Caremark Corp.*,
    683 F.Supp.3d 195 (D.R.I. 2010) ..................................................................9, 12

*Ortega v. Spearmint Rhino Companies Worldwide, Inc.*,
    No. 17-cv-206-JGB, 2019 WL 2871156 (C.D. Cal. May 15, 2019)..........6, 9, 11

*Ortega v. Spearmint Rhino Companies Worldwide, Inc.*,
    No. EDCV17206JGBKKX, 2019 WL 2871156, at *5–8 (C.D. Cal. May 15, 2019)
    .................................................................................................................................6

*Otey v. CrowdFlower, Inc.*,
    No. 12-cv-05524-JST, 2013 WL 4552493 (N.D. Cal. Aug. 27, 2013)..............13

*Partlow v. Jewish Orphans' Home, Inc.*,
    645 F.2d 757 (9th Cir. 1981) ........................................................................14, 15

*Reich v. Circle C. Investments, Inc.*,
    998 F.2d 324 (5th Cir.1993) ................................................................................5

*Reich v. Priba Corp.*,
    890 F.Supp. 586 (N.D. Tex. 1995) ......................................................................5

*Ribot v. Farmers Insurance Group*,
    No. CV 11-02404 DDP (FMOx), 2013 WL 3778784 (C.D. Cal. July 17, 2013)15

*Robertson v. LTS Mgmt. Servs. LLC*,
    642 F.Supp.2d 922 (W.D. Mo. 2008) ................................................................11

*Romero v. La Revise Assocs., LLC.*,
    968 F.Supp.2d 639 (S.D.N.Y. 2013) ................................................................11

*Ruffin v. Entm't of the E. Panhandle*,
    No. 3:11-CV-19, 2012 WL 761659 (N.D.W. Va. Mar. 7, 2012) .........................7

*Saunders v. Getchell Agency*, ....................................................................................
    No. 1:13-cv-00244-JAW, 2014 WL 580153, at *7 (D. Me. Feb. 12, 2014).........8

*Sealy v. Keiser Sch., Inc.*,
    No. 11-61426-CIV, 2011 WL 7641238 (S.D. Fla. Nov. 8, 2011) .....................11

*Small v. Univ. Med. Ctr. Of S. Nev.*,
    No. 2:13-cv-00298-APG-PAL, 2013 WL 3043454 (D. Nev. June 14, 2013) ....17

*Stansky v. HealthONE of Denver, Inc.*,
    868 F.Supp.2d 1178 (D. Colo. 2012) ..........................................................14, 16

*Stevenson v. Great Am. Dream, Inc.*,
    No. 1:12-CV-3359-TWT, 2013 WL 4217128 (N.D. Ga. Aug. 14, 2013) ............7

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT
TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– v –**

*Stevenson v. Great Am. Dream, Inc.*,
   No. 1:12–CV–3359–TWT, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013)...........4

*Stickle v. SCIWestern Mkt. Support Ctr., L.P.*,
   No. CV 08-083-PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) ......15

*Stoll v. Runyon*,
   165 F.3d 1238 (9th Cir. 1999) ...........................................................................14

*Syed v. M-I, L.L.C.*,
   No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966 (E.D. Cal. Nov. 26, 2014)...13

*Sylvester v. Wintrust Fin. Corp.*,
   No. 12 C 01899, 2013 WL 5433593 (N.D. Ill. Sept. 30, 2013) .........................11

*Thompson v. Direct Gen. Consumer Prods., Inc.*,
   No. 3:12-cv-1093, 2014 WL 884494 (M.D. Tenn. Mar. 5, 2014) .....................16

*Thompson v. Linda and A. Inc.*,
   779 F.Supp.2d 139 (D.D.C. 2011) .......................................................................4

*Thornton v. Crazy Horse, Inc.*,
   No. 3:06–CV–00251–TMB, 2012 WL 2175753 (D. Alaska June 14, 2012) .......4

*Varghese v. JP Morgan Chase Bank, N.A.*,
   No. 14 Civ. 1718 (PGG), 15 Civ. 3023 (PGG), 2016 WL 4718413 (S.D.N.Y. Sep.
   8, 2016).................................................................................................................11

*Vasto v. Credico (USA) LLC*,
   No. 15 Civ. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016)..13

*Vaughn v. Paradise Entm't Group, Inc.*,
   No. 14-CV-00914-SCJ (N.D. Ga. Mar. 15, 2016) ................................................4

*Verma v. 3001 Castor, Inc.*,
   937 F.3d 221 (3d. Cir. 2019) ...............................................................................4

*Verma v. 3001 Castor, Inc.*,
   No. 13-3034, 2014 WL 2957453 (E.D. Pa. June 30, 2014) ............................4, 7

*Villa v. United Site Services of California, Inc.*,
   No. 5:12-cv-00318, 2012 WL 5503550 (N.D. Cal. Nov. 13, 2012) ....................8

*Villarreal v. Caremark LLC*,
   66 F.Supp.3d 1184 (D. Ariz. 2014).....................................................................9

*Villatoro v. Kim Son Restaurant, L.P.*,
   286 F.Supp.2d 807 (S.D. Tex. 2003)...................................................................11

*Walston v. Edward J. Young, Inc.*,
   No. 15-CV-457 (LDW) (AYS), 2016 WL 3906522 (E.D.N.Y. Feb. 22, 2016) .11

*Whittington v. Taco Bell of Am., Inc.*,
   No. 10-cv-01884-KMT-MEH, 2011 WL 1772401 (D. Colo. May 10, 2011) ....11

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– vi –**

*Woods v. Club Cabaret, Inc.*,
    140 F.Supp.3d 775 (C.D. Ill. 2015) .......................................................................11

*Yahraes v. Rest. Assoc. Events Corp.*,
    No. 10-CV-935 (SLT), 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ..................17

**Statutes**

29 C.F.R. § 531.35 ..............................................................................................................3

29 U.S.C. § 203 ...................................................................................................................3

29 U.S.C. § 206 ...................................................................................................................2

29 U.S.C. § 207 ...................................................................................................................2

29 U.S.C. § 216(b)..............................................................1, 2, 5, 10, 11, 12, 13, 18

29 U.S.C. § 255(a) .............................................................................................................13

29 U.S.C. § 256 .................................................................................................................14

29 U.S.C. § 256(b)............................................................................................................14

29 U.S.C. § 257 ...................................................................................................................9

29 U.S.C. §§ 201, *et seq.* ..................................................................................................1


**Rules**

Fed. R. Civ. P. 23.......................................................................................................8, 12, 14

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3      Plaintiffs Karen Dorio, Quianna Hunt, and Sara Kelly[1] (jointly, "Plaintiffs")

4  worked as exotic dancers at Fantasy Girls, an adult entertainment venue in Reno,

5  Nevada. The club is owned and operated by Fantasy Girls, LLC dba Fantasy Girls

6  ("Defendant", "Fantasy Girls", or the "Club"), Kamy Keshmiri ("Defendant"), and Jamy

7  Keshmiri ("Defendant").

8      On August 24, 2020, Plaintiffs brought this action seeking to recover wages owed

9  to them and other dancers who have been classified as independent contractors at Fantasy

10  Girls under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

11      Plaintiffs contend that Defendants misclassified them and other dancers as

12  independent contractors when, in fact, the dancers are Defendants' employees under

13  federal law. As a result of this misclassification, Plaintiffs allege that Defendants have

14  violated the FLSA by failing to pay dancers any wages (minimum or overtime), requiring

15  dancers to pay kickback fees in order to work, and forcing dancers to "tip out" ineligible

16  employees, management and back to the club as well.

17      As is typical at the outset of a case brought under the FLSA, Plaintiffs now move

18  this Court for an order allowing notice of this action to be sent to other similarly situated

19  dancers to inform them of their right to opt-in to this case under 29 U.S.C. § 216(b) of the

20  FLSA. Plaintiffs seek conditional certification in a case with one job position, at a single

21  business location, with the same job duties, working under the same management, and

22  subject to the same unlawful policies of misclassification and absconding of tips.

23      The "lenient" evidentiary burden required for issuance of notice under 29 U.S.C. §

24  216(b) requires a plaintiff to make only a minimal showing that similarly situated

25  individuals exist who should be informed of the lawsuit. *See*, *e.g*., *Hill v. R+L Carriers,*

26  *Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010) ("The standard for certification at this

27  stage is a lenient one that typically results in certification").

28  _____
[1]    Plaintiff Sara Kelly filed her Consent to Join Form on October 22, 2020.

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

As described in detail below, Plaintiffs easily satisfy this lenient standard because Defendants have classified dancers at Fantasy Girls as independent contractors, and courts have routinely granted conditional certification and authorized the issuance of notice pursuant to 29 U.S.C. § 216(b) in nearly identical cases involving exotic dancers who challenging their classification as independent contractors. *See* § V.A., *infra*.

Defendants made operational decisions at Fantasy Girls including applying pay policies equally to all dancers. Plaintiffs and other dancers at Fantasy Girls are similar in every way except hours worked and wages actually due—facts which are irrelevant to this inquiry. Moreover, Plaintiffs submit evidence that the employment misclassification issue can be resolved with common proof: evidence of Defendants' employment policies giving rise to these allegations that are substantially standard to all the dancers at Fantasy Girls. In addition, Defendants' pay practices, which Plaintiffs contend violates the FLSA, are substantially standard to all dancers. These facts satisfy the lenient standard for the Court to authorize the issuance of notice under 29 U.S.C. § 216(b). For these reasons, and those discussed below, the Court should grant Plaintiffs' motion.

## II.   RELEVANT FACTS AND ALLEGATIONS

Fantasy Girls is an adult entertainment venue owned and operated by defendants Kamy Keshmiri, Jamy Keshmiri, and Fantasy Girls, LLC.

Plaintiff Quianna Hunt ("Hunt") was employed by Defendants from 2014 to 2018. *See* Declaration of Quianna Hunt ("Hunt Decl.") ¶ 4. Hunt causes of action arise from Defendants' willful actions while employed by Defendants, including Hunt being denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Hunt and other dancers/entertainers as "independent contractors." Additionally, Defendants illegally absconded with Hunt's tips and demanded illegal kickbacks including in the form of "House Fees." Plaintiffs' Complaint for Damages includes the following causes of action: (1) Failure to Pay Minimum Wages, 29 U.S.C. § 203(d); (2) Failure to Pay Overtime Wages, 29 U.S.C. § 207; (3) Unlawful Taking of Tips and Diversion/Kickback in Violation of 29 U.S.C. § 203; (4) Illegal Kickbacks, 29 C.F.R. §

531.35; and (5) Forced Tip Sharing, , 29 C.F.R. § 531.35.

A.    **Similarly Situated Class Members Exist through Defendants' Control of Dancers, Common Scheme of Misclassifying Dancers as Independent Contractors and Wage and Tip Policies**

The exotic dancers/entertainers employed by Defendants at Fantasy Girls, including Plaintiff, are similarly situated.

All exotic dancers/entertainers were subject to the same pay policies of Defendants. No dancer was paid hourly for their work. Instead, the only source of monies received by Hunt (and the class she seeks to represent) came in the form of gratuities received directly from customers, a portion of which Hunt and the proposed FLSA Class Members were required to pay to Defendants

Defendants failed to pay all of their dancers minimum wages for all hours worked in violation of the FLSA. *See* Hunt Decl. ¶¶ 3 and 9. Additionally, all dancers were forced to pay Defendants "House Fees" simply to show up to work. Yes, they had to ***pay*** to work. *See* Hunt Decl. ¶ 8.

Defendants misclassified all of the exotic dancers/entertainers at Fantasy Girls as independent contractors. Defendants engaged in this common practice to deprive dancers their hourly wages, overtime wages, and forced tipping. Defendants dictated to all other dancers/entertainers at Fantasy Girls how dancers were to perform their work, including setting prices that customers would be charged for dances, setting fee splits, tip policies and house fee policies, and controlling when and how dancers performed. Defendants also charged all dancers/entertainers a "House Fee" for the ability to work a particular shift. *See* Hunt Decl. ¶¶ 12-14.

All dancers/entertainers at Fantasy Girls were forced to tip out other employees including floor employees, DJs, and security personnel. Defendants and management expected dancers to tip out other employees and would retaliate against them if they failed to do so. *See* Hunt Decl. ¶ 15. All dancers/entertainers were required to comply with Fantasy Girls' rules regarding dancing. If not, they would be suspended. *See* Hunt

**Plaintiffs' Motion for Conditional Certification & Issuance of Notice Pursuant to §216(b) of the Fair Labor Standards Act**

– 3 –

Decl. ¶¶ 16-17. Defendants also exercised control over whether any dancer or entertainer, including Plaintiff, was allowed to dance at Fantasy Girls, refusing to let them work a shift for any reason. *See* Hunt Decl. ¶ 19.

### III.   DISTRICT AND CIRCUIT COURTS HAVE ROUTINELY HELD THAT EXOTIC DANCE CLUBS SIMILAR ECONOMIC SCHEMES VIOLATE THE FLSA

Plaintiffs' claims are centered on their misclassification as independent contractors. Time and time again, district courts and circuit courts have ruled in near unanimity, exotic dancers are employees. They are not independent contractors. *See, e.g.*, *Mason v. Fantasy, LLC*, No. 13–CV–02020–RM–KLM, 2015 WL 4512327, at *13 (D.Colo. July 27, 2015); *Henderson v. 1400 Northside Drive, Inc.*, No. 1:13–CV–3767–TWT, 2015 WL 3823995, at *5 (N.D. Ga. June 19, 2015); *Levi v. Gulliver's Tavern, Incorporated*, No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) (granting dancer plaintiff's partial summary judgment that they are employees under the FLSA);*Vaughn v. Paradise Entm't Group, Inc.*, No. 14-CV-00914-SCJ, Dkt. 190 (N.D. Ga. Mar. 15, 2016) (summary judgment); *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014), aff'd by the Third Circuit in *Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3d. Cir. 2019): *McFeeley v. Jackson St. Ent., LLC*, 47 F.Supp.3d 260, 279 (D.Md.2014); *Stevenson v. Great Am. Dream, Inc.*, No. 1:12–CV–3359–TWT, 2013 WL 6880921, at *6 (N.D. Ga. Dec. 31, 2013); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 912-913 (S.D.N.Y. 2013); *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW (E.D. Ark. Nov. 14, 2013); *Butler v. PP & G, Inc.*, No. CIV.A. WMN–13–430, 2013 WL 5964476, at *9 (D.Md. Nov. 7, 2013) reconsideration denied, 2014 WL 199001 (D.Md. Jan. 16, 2014); *Thornton v. Crazy Horse, Inc.*, No. 3:06–CV–00251–TMB, 2012 WL 2175753 (D. Alaska June 14, 2012); *Clincy v. Galardi S. Enters., Inc.*, 808 F.Supp.2d 1326, 1343 (N.D. Ga. 2011); *Thompson v. Linda and A. Inc.*, 779 F.Supp.2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, No. 1:08-cv-1389-WTL-JMS, 2010 WL 2346334, at *6 (S.D. Ind. 2010); *Harrell v. Diamond A Entm't. Inc.*, 992 F.Supp. 1343, 1348 (M.D. Fla. 1997); *Reich v. Priba Corp.*, 890 F.Supp. 586, 594 (N.D.

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT

– 4 –

1  Tex. 1995); *Martin v. Priba Corp.*, No. 3:91-CV-2786-G, 1992 WL 486911, at *5 (N.D.

2  Tex. 1992); *see also Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th

3  Cir.1993) (affirming district court's determination that exotic dancers were employees

4  under the FLSA).

5  **IV.  LEGAL STANDARD**

6     The FLSA allows workers to bring an action either on an individual basis or on a

7  collective basis for himself or herself "and other employees similarly situated." 29 U.S.C.

8  § 216(b). Here, Plaintiffs seek to bring this case on behalf of all dancers who have

9  worked at the same club, Fantasy Girls, and have been classified as independent

10 contractors under the same policies.

11    However, similarly situated individuals may not be a party to a collective action

12 under the FLSA unless they affirmatively opt in to the case. *Id.* To provide those

13 individuals with an opportunity to opt in, "[t]he court may authorize the named FLSA

14 plaintiff to send notice to all potential plaintiffs and may set a deadline for those potential

15 plaintiffs to join the suit." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D.

16 Cal. 2007) (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

17    Courts in this Circuit have adopted a two-step approach in determining whether

18 plaintiffs are similarly situated for purposes of class certification under 216(b). *Adams*,

19 242 F.R.D. at 536. "[T]he court must first decide, based primarily on the pleadings and

20 any affidavits submitted by the parties, whether the potential class should be given notice

21 of the action." *Leuthold v. Destination Am., Inc*., 224 F.R.D. 462, 467 (N.D. Cal. 2004).

22 The usual result under this lenient standard is conditional certification and the issuance of

23 notice. *Adams*, 242 F.R.D. at 536. "In the second step, the party opposing the

24 certification may move to decertify the class once discovery is complete and the case is

25 ready to be tried and the court may determine whether to 'decertify the class and dismiss

26 opt-in plaintiffs without prejudice.'" *Id.* (quoting *Leuthold*, 224 F.R.D. at 467; *see also*

27 *Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. 17-cv-206-JGB, 2019 WL

28 2871156 (C.D. Cal. May 15, 2019) (ordering notice in dancer case).

The Courts in this Circuit have also held that issues pertaining to arbitration are best resolved in the second step of conditional certification analysis; i.e., **after** the preliminary class is given notice of the action. *See D'Antuono v. C & G of Groton, Inc.*, No. 3:11CV33 MRK, 2011 WL 5878045, at *4 (D. Conn. Nov. 23, 2011) ("the existence of [] exotic dancers' arbitration agreements is [] immaterial to the question of class certification."); *also Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. EDCV17206JGBKKX, 2019 WL 2871156, at *5–8 (C.D. Cal. May 15, 2019) ((1) rejecting argument that employees potentially subject to arbitration agreements should not receive notice; (2) rejecting argument that plaintiffs lack standing if the lead plaintiff has been compelled to arbitration; and (3) upholding the validity of pre-arbitration class certification as held in *D'Antuono* ); Exhibit 3, *Katrina Harris v. Perez, Inc., et al.*, EDCV 19-2184 JGB (SPx), at *4 (April 23, 2020) (granting plaintiff's motion for preliminary certification of a collective action despite potential that some dancers have signed arbitration agreements).

V.    **ARGUMENT**

   A.    **Plaintiffs Have Made Their Required Modest Factual Showing That Similarly Situated Class Members Exist**

At this early stage, "Plaintiffs need not conclusively establish that collective resolution is proper, because a defendant will be free to revisit this issue at the close of discovery." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014).

Numerous courts have conditionally certified collective actions involving exotic dancers who, like Plaintiffs, allege they have been misclassified as independent contractors. *See, e.g., Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *19 (D.S.C. Sept. 30, 2015) (collecting cases and "not[ing] that the vast majority of district courts in similar cases involving exotic dancers have granted conditional class certification"); *Verma*, 2014 WL 2957453, at *1 (granting conditional certification to a class of exotic dancers); *Stevenson v. Great Am. Dream,*

*Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *1 (N.D. Ga. Aug. 14, 2013) (same); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012) (same), report and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan.23, 2013); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 761659, at *1-5 (N.D.W. Va. Mar. 7, 2012) (same); *In re Penthouse Executive Club Comp. Litig*., No. 10 Civ. 1145(NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) (same); *D'Antuono v. C & G of Groton, Inc.*, No. 3:11cv33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011) (same); *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010) report and recommendation adopted, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) (same).

As in the cases cited above, Plaintiffs have submitted evidence showing that most of Fantasy Girls' dancers were classified as independent contractors though they are subject to the Club's control (based on the Club's reservation of the right to terminate them at will, and other factors).

This is sufficient for Plaintiffs to satisfy their burden at this early stage.

**B.      The Court Should Reject Arguments Regarding the Need for "Individualized Inquiries" as Premature at This Stage and, in Any Event, Incorrect**

Defendants often offer a litany of arguments in an effort to complicate the lenient standard for conditional certification, which are routinely and rightly rejected as misplaced or premature.[2]

---

[2]   Plaintiff is not required, at this stage, to make a conclusive showing that the dancers are in fact employees of Defendants. *See Curless v. Great Am. Real Food Fast*, 280 F.R.D. 429, 433 (S.D. Ill. Jan. 18, 2012) ("at this stage, the Court does not resolve factual disputes, decide substantive issues going to the merits or make credibility determinations.'") (internal citation omitted); *Marshall v. Amsted Indus., Inc*., No. 10-cv-0011-MJR-CJP, 2010 WL 2404340, at *3 (S.D. Ill. June 16, 2010) ("Conditional certification does not entail the district court adjudicating the merits of plaintiffs' claims. It is simply a finding that the claims are similarly situated enough to proceed as a collective action."); *see also Saunders v. Getchell Agency*, No. 1:13-cv-00244-JAW, 2014 WL 580153, at *7 (D. Me. Feb. 12, 2014) (quoting *Albanil v. Coast 2*

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT
TO §216(B) OF THE FAIR LABOR STANDARDS ACT

– 7 –

1    Accordingly, the Court should reject any attempts by Defendants to improperly

2  complicate matters at the conditional certification stage. Moreover, Plaintiffs have, even

3  at this early stage, submitted evidence showing that "individual inquiries" will *not* be

4  necessary to resolve this case. In any event, **the conditional certification standard for**

5  **the issuance of notice is far more lenient than the standard for obtaining class**

6  **certification under Federal Rule of Civil Procedure 23**. Congress made this clear.

7  Plaintiffs need not prove that common questions will predominate, that a class is

8  superior, or that the representative plaintiffs' claims are typical. *See Gerlach v. Wells*

9  *Fargo & Co*., No. C 05-0585 CW, 2006 WL 824652, at *3 (N.D. Cal. Mar.28, 2006)

10 ("Congress chose not to apply the Rule 23 standards to collective actions under the

11 ADEA and FLSA, and "instead adopted the 'similarly situated' standard. To now

12 interpret this 'similarly situated' standard by simply incorporating the requirements of

13 Rule 23 . . . would effectively ignore Congress' directive.") (internal quotations

14 omitted).[3]

15    **C.    The Court Should Not Delay Ruling on this Motion Until It Rules on**

16         **any Anticipated Motions to Compel Arbitration & The Lack of Tolling**

17         **of FLSA Claims Makes Timing Critical**

18    Courts in this Circuit have consistently recognized the importance of issuing

19 notice to similarly situated workers early in the litigation. Generally, the fact that a FLSA

20 plaintiff has signed an arbitration agreement will not preclude certification of a collective

---

22 *Coast, Inc.*, No. 5-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008))
   ("Based on the current record, without having provided the Plaintiffs and opt-in
23 plaintiffs a chance for discovery, 'a conclusive determination that the exemption
   applies, or does not, would be premature.'").

24 [3]   *See also Lewis v. Wells Fargo Co*., 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009) ("The
25 requisite showing of similarity of claims under the FLSA is considerably less
   stringent than the requisite showing under Rule 23"); *see also Villa v. United Site*
26 *Services of California, Inc*., No. 5:12-cv-00318, 2012 WL 5503550, at *14 (N.D. Cal.
   Nov. 13, 2012) ("[A] collective action does not require a showing that common
27 claims predominate; *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294, 305
28 (N.D. Cal. 1991).

action. *See Ortega,* 2019 WL 2871156, at *8; *see also Conde v. Open Door Mktg., LLC*, 223 F.Supp.3d 949, 969 (N.D. Cal. 2017); *D'Antuono*, 2011 WL 5878045, at *4.

Courts have acknowledged that "[e]arly certification in an FLSA [case] is part of the development of the factual record," and have noted that bypassing or delaying the notice stage is prejudicial to workers who might be deprived "of a meaningful opportunity to participate." *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 629 (E.D. Cal. 2009). By contrast, early notice "risks little harm to defendant, who will be free to move for decertification once the factual record has been finalized and the time period for opting in has expired." *Id*. Thus, "[i]n determining whether plaintiffs have met th[e] standard [for issuing notice] courts need not consider evidence provided by defendants." *Id*. at 628.

"The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court . . . . " *Villarreal v. Caremark LLC*, 66 F.Supp.3d 1184, 1190-91 (D. Ariz. 2014) (quotation marks omitted).

Early notice is also important because unlike in a class action brought under Rule 23, the statute of limitations for an FLSA claim is not tolled with respect to unnamed collective action members merely by filing a complaint. Rather, each member must affirmatively toll the statute of limitations by "opting into" the lawsuit. *Nash v. CVS Caremark Corp*., 683 F.Supp.2d 195, 200 (D.R.I. 2010); *see also* 29 U.S.C. § 257 (The "statute of limitations [of] such action shall be considered to have been commenced as to him when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action was brought").

Before this case goes any further, dancers should be notified of their right to opt in to the case because the statute of limitations is continuing to run for them on their claims under the FLSA. The only way to preserve those employees' claims is through notice informing them of their rights and affording them the opportunity to join the suit. *Id*. Nonetheless, Plaintiffs anticipate that Defendants will argue that the Court should delay

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– 9 –**

ruling on this 29 U.S.C. § 216(b) motion until the Court rules on an anticipated motion to compel arbitration. The argument should be rejected. Again, under 29 U.S.C. § 216(b), notice is to be issued early in a case. The purpose of this early notice is simply to allow the court to determine the potential scope of the case and also to inform workers of their rights under the FLSA so that they can challenge violations and thereby promote compliance with the law. *See Hoffman- LaRoche Inc. v. Sperling*, 493 U.S. 165, 171 (1989); *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y 1997) ("[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA''s broad remedial purpose . . . ."). If notice is issued at the outset of a case, then even if an employer's arbitration clause is ultimately enforced for some or even most of the workers, at least the purposes of the FLSA will have been accomplished, as any workers who may wish to pursue their claims, after having received the notice, will at least have the practical ability to do so through arbitration. However, if an employer is able to use an arbitration clause in order to keep its workforce entirely in the dark of their rights, and the fact that an FLSA claim has been filed on their behalf, then the arbitration agreement is not simply being used to promote "quick" and "efficient" resolution of claims; instead, it is being used to prevent most workers affected by a case from ever knowing they have a claim under the FLSA, undermining the goal of 29 U.S.C. § 216(b) of promoting compliance with the Act.

Recognizing this goal, many courts around the country have ruled that notice should be issued under 29 U.S.C. § 216(b) quickly and at the outset of a case, even before the court addresses potential defenses (e.g., before it is sorted out whether and which workers may have to pursue their claims in arbitration).[4] Defendants will have

---

[4] *See, e.g., Ortega*, 2019 WL 2871156, at* 8-9 ; *Varghese v. JP Morgan Chase Bank, N.A.*, No. 14 Civ. 1718 (PGG), 15 Civ. 3023 (PGG), 2016 WL 4718413, at *9 (S.D.N.Y. Sep. 8, 2016) ("With respect to Defendants'' argument that employees who are subject to arbitration agreements should not receive notice, courts have consistently held that the existence of arbitration agreement is 'irrelevant' to collective action approval 'because it raises a merits based determination.' . . . Accordingly, the interest of judicial economy and, perhaps more importantly, of

ensuring that all eligible workers receive notice outweigh the possible negative effect that some receiving the notice might not have valid claims.") (quoting *Romero v. La Revise Assocs., LLC*., 968 F.Supp.2d 639, 647 (S.D.N.Y. 2013); *Conde v. Open Door Marketing, LLC*, No. 15-cv-04080-KAW, 2016 WL 1427641, at *10 (N.D. Cal. April 12, 2016) (rejecting defendant's argument that notice could not issue due to the fact that plaintiff and putative class members had signed arbitration provisions: "To the extent any employee working directly for 20/20 did sign an arbitration agreement, the company will be free to move to dismiss the claims of any such employee who attempts to join this collective action"); *Woods v. Club Cabaret, Inc*., 140 F.Supp.3d 775, 782-783 (C.D. Ill. 2015) (rejecting argument that the fact that some exotic dancers were subject to arbitration agreements would preclude conditional certification); *Sylvester v. Wintrust Fin. Corp*., No. 12 C 01899, 2013 WL 5433593, at *9 (N.D. Ill. Sept. 30, 2013) (same); *Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360 (RRM) (LB), 2012 WL 4369746, at *5 (E.D.N.Y. Sept. 24, 2012) (same); *Sealy v. Keiser Sch., Inc.*, No. 11-61426-CIV, 2011 WL 7641238, at *3 (S.D. Fla. Nov. 8, 2011) (same); *Davis v. Four Seasons Hotel Ltd*., No. 08-00525 HG-BMK, 2011 WL 4590393, at *4 (D. Haw. Sept. 30, 2011) (same); *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256348, at *1 (W.D. La. Dec. 15, 2010) (same); *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009) (same); *Davis v. Novastar Mortg., Inc*., 408 F.Supp.2d 811 (W.D. Mo. 2005) (same); *Villatoro v. Kim Son Restaurant, L.P*., 286 F.Supp.2d 807 (S.D. Tex. 2003) (same); *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2011 WL 1772401, at *6 (D. Colo. May 10, 2011) (finding pre-certification ruling on motion to compel arbitration premature); *Robertson v. LTS Mgmt. Servs. LLC*, 642 F.Supp.2d 922, 926 (W.D. Mo. 2008) (refusing to limit collective to individuals who did not sign releases); *Walston v. Edward J. Young, Inc*., No. 15-CV-457 (LDW) (AYS), 2016 WL 3906522, at *6 (E.D.N.Y. Feb. 22, 2016) ("The Court is aware that certain individuals receiving the notice may not have timely claims under either Federal or State law. Nonetheless, the Court holds that the interest of judicial economy and, perhaps more importantly, of ensuring that all eligible workers receive notice outweigh the possible negative effect that some receiving the notice might not have valid claims."); *Guy v. Casal Inst. Of Nevada, LLC*, No. 2:13-CV-02263-APG, 2014 WL 1899006, at *6 (D. Nev. May 12, 2014) ("The Court also finds no basis to defer authorizing the sending of notice until the Court rules on Defendants' pending motion to dismiss. This is equivalent to a stay of pretrial proceedings which may only be entered if the court is convinced that the dispositive motion will be granted"); *Lewis v. Nevada Property 1, LLC*, No. 2:12-cv-01564-MMD-GWF, 2013 WL 237098, at *14 (D. Nev. Jan. 22, 2013) (noting that the "Court is reluctant, [] to deny or defer a decision on Plaintiff's Motion for Circulation of Notice Pursuant to 29 U.S.C. § 216(b) pending a decision on Defendant's Motion to Dismiss and noting that [b]y permitting notice of the FLSA action to be circulated [first], the status quo of the action can be maintained during the pendency of the motion to dismiss"); *Garcia v. JC Penny Corp., Inc*., No. 12-cv-3687, 2016 WL 878203, at *7 (N.D. Ill. Mar. 8, 2016) (granting Rule 23 class certification notwithstanding the fact that class

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT

– 11 –

their opportunity to seek to enforce their arbitration provision, but it should not be now, at the expense of allowing dancers the opportunity to opt in to this case. If, ultimately, the arbitration clause is enforced, then dancers who have chosen to bring these claims can at least do so in arbitration. However, if they never receive notice of this case, and the arbitration clause is enforced, then they will not even be able to pursue their claims in arbitration, and the purpose of the FLSA notice provision will have failed to achieve its purpose of informing workers of their rights and promoting compliance with the Act.

### D.     The Court Should Approve Plaintiffs' Proposed Notice and Notice Process

In light of the relevant case law and evidence submitted, the Court should order the notice to be mailed, emailed, and texted to all the dancers at Fantasy Girls who have been classified as non-employees, giving them a meaningful opportunity to understand their rights and to join this litigation if they chose. *Nash*, 683 F.Supp.2d at 200. Additionally, the Court should order the notice be posted in a public location near the public entrance of Fantasy Girls as well as in the dressing rooms (at least 3 by 5 feet, in bright colors at location agreed to by counsel, consisting of Exhibit 1) and on the Fantasy Girls website, including the Fantasy Girls Instagram and Facebook page. Plaintiffs request that the Court authorize her counsel to send the proposed notice and consent form attached here as Exhibits 1 and 2. This proposed notice is "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172. This proposed notice is similar in form and content to notices that have been routinely approved in FLSA cases. The form and content of 29 U.S.C. § 216(b) notice should maximize participation. The following is a brief discussion of the sufficiency of the proposed notice and related issues:

- **The time period is appropriate**. Because this case alleges a "willful" violation of the FLSA, *see* Complaint [Dkt. 1], the applicable statute of limitations is three years. 29 U.S.C. § 255(a); *see, e.g., Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y.

members were subject to arbitration provisions, and noting that the class could be altered at a later date, and collecting cases).

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– 12 –**

May 5, 2016) (allegations of willfulness adequate to support three-year time period);

- Defendants should be ordered to produce a list of the dancers to Plaintiffs' counsel, within ten (10) days of an Order, who have worked at Fantasy Girls, including their names and last-known mailing addresses, telephone numbers, email addresses, work locations, copies of driver's license (this is common to prove age) and dates they have worked at Fantasy Girls. *See Adams*, 242 F.R.D. at 539; *Deatrick v. Securitas Sec. Servs. USA, Inc.*, No. 13-cv-05016-JST, 2014 WL 878203, at *5 (N.D. Cal. Oct. 20, 2014); *Hoffmann–LaRoche*, 493 U.S. at 170; *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12 Civ. 7795(RWS), 2013 WL 5303766, at *5 (S.D.N.Y. Sep. 20, 2013);

- Issuing notice via email and text message, as well as U.S. mail, for the dancers for whom that contact information is available, is also appropriate here. *See Syed v. M-I, L.L.C.,* No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014); *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016);

- Defendants should also be required to post the notice online on their website and in the dressing rooms at the Club and adjacent to the entrance door for any dancer;

- The Court should set a notice period of at least 90 days because of the large potential size of the class and because of the high turnover among dancers. *See, e.g., Otey*, 2013 WL 4552493, at *5 (finding "that the 90–day opt-in period is reasonable given the size of the class"); *Carrillo v. Schneider Logistics, Inc.*, No. CV 11-8557 CAS (DTBx), 2012 WL 556309, at *15 (C. D. Cal. Jan. 31, 2012);

- The Court should also authorize Plaintiffs to mail, email, and text a reminder to all individuals who have not yet opted-in to this matter within 45 days of the first notice mailing. As people often disregard collective action notices, courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. Plaintiffs will bear the cost of the mailing and reminder mailing, and it will not change the end of the notice period.

**E.      The Court Should Equitably Toll the Statute of Limitations During the Notice Period**

Unlike Fed. R. Civ. P. 23 class actions, the two-year statute of limitations (extended to three years on a finding of willfulness) under the FLSA is not tolled for putative collective members upon the filing of the complaint. *Johnson v. Serenity Transportation*, No. 15-cv-02004-JSC, 2016 WL 1569984, at *4 (N.D. Cal. Apr. 19, 2016); 29 U.S.C. § 256(b). Instead, it continues to run for each putative plaintiff until he or she files a consent form opting into the collective. 29 U.S.C. § 256. If the Court conditionally certifies this matter as a collective and authorizes the issuance of Notice, the Court should equitably toll the statute to limitations to allow for the collective members to submit their consents during the Notice period.

### 1.   *The FLSA Allows for Equitable Tolling*

Equitable tolling is "read into every federal statute, including the FLSA." *Stansky v. HealthONE of Denver, Inc.*, 868 F.Supp.2d 1178, 1181-82 (D. Colo. 2012) (citing *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946)). "The FLSA statute of limitations is a procedural limitation that may be tolled when equity warrants." *Partlow v. Jewish Orphans' Home, Inc.*, 645 F.2d 757, 761 (9th Cir. 1981) (abrogated on other grounds by *Hoffman-La Roche*, 493 U.S. 165). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond the plaintiff's control make it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Equitable tolling is proper where the plaintiff is without fault and the "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant. *Partlow*, 645 F.2d at 760-761.

Courts in this circuit regularly grant equitable tolling in FLSA cases when litigation circumstances prevent distribution of judicial notice. *See*, *e.g.*, *Ribot v. Farmers Insurance Group*, No. CV 11-02404 DDP (FMOx), 2013 WL 3778784, at *17 (C.D. Cal. July 17, 2013) (finding it "more equitable" to toll the statute of limitations prior to conditional certification to counter defendant's natural incentive to delay the proceedings); *Castle v. Wells Fargo Fin., Inc.*, 2007 WL 1105118, at *2 (N.D. Cal. Apr.

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– 14 –**

10, 2007) ("[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice."); *Lew v. Countrywide Fin. Corp.*, No. C08-1993 SC, 2009 WL 1384975 (N.D. Cal. Feb. 4, 2009) (tolling FLSA statute of limitations during pre-notice stay); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (tolling the FLSA statute of limitations without a finding of wrongful behavior by defendant); *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. CV 08-083-PHX-MHM, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (tolling the FLSA statute of limitations because the Court did not rule on plaintiffs' conditional certification motion while considering the defendants' motion to dismiss).

>    **2.**    ***Equitable Tolling Is Necessary to Advance the Interests of Justice and the Public Policy Underlying the FLSA***

Plaintiffs request that the Court grant equitable tolling because, without it, numerous potential collective members will lose their claims due to nothing more than the passage of time.

Many district courts in this circuit have equitably tolled the FLSA statute of limitations after entry of a stay order, while an appeal is pending, or because of lengthy delays in motions for conditional certification. In *Castle*, for example, the court stayed an FLSA action pending the California Supreme Court's determination of the enforceability of arbitration agreements to "eliminate any prejudice suffered by collective class members as a result of the stay of this litigation." *Castle*, 2007 WL 1105118, at *2. Similarly, in *Lew*, the Court equitably tolled the FLSA statute of limitations staying the case, holding that the "Court will not penalize the plaintiff or other members of the putative classes for its own docket-management determinations . . ." *Lew*, 2009 WL 1384975, at *3. The Court reached the same conclusion in *Coppernoll v. Hamcor,Inc.*, No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017), holding that a stay pending appellate review of a different case warranted equitable tolling. *Id.* at *4. And just recently, in *Hughes v. S.A.W. Entm't, Ltd.*, No. 16-cv-03371-LB, 2019 WL 3979592

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– 15 –**

(N.D. Cal. Aug. 23, 2019), the court equitably tolled the FLSA statute of limitations where it "effective[ly] stayed . . . plaintiffs' motion for conditional certification here in lieu of *Roe* for case-management purposes . . . ." *Id.* at *3.[5]

### 3. The Court Should Equitably Toll the Statute of Limitations from the Date This Matter Is Conditionally Certified to the Time the Notice Period Ends

Legal claims should be resolved on their merits—especially claims that implicate important public policies, like Plaintiffs' claims in this case. To effectuate the intent and remedial purpose of the FLSA to allow for employees to adjudicate their claims against employers who fail to pay their employees, this Court must toll the statute of limitations. Otherwise, many collective members' claims will be barred by the passage of time and Defendants' willful failure to correctly classify their employees. Plaintiffs therefore respectfully request that the Court toll the statute of limitations from the time this matter is conditionally certified to the end of the Notice periods.

///

---

[5] Courts in other jurisdictions have reached the same result. *See, e.g.*, *Stransky*, 868 F.Supp.2d at 1181-82 (regarding a motion to dismiss, "allowing opt-in plaintiff's claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust."); *Collins v. DKL Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016) (granting motion for equitable tolling in FLSA collective action from date defendant employer filed motion to dismiss until stay pending outcome of motion to dismiss). Other courts granting equitable tolling based on delay. *See, e.g.*, *Thompson v. Direct Gen. Consumer Prods., Inc.,* No. 3:12-cv-1093, 2014 WL 884494, at *9-10 (M.D. Tenn. Mar. 5, 2014); *Small v. Univ. Med. Ctr. Of S. Nev.*, No. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013); *Bergman v. Kindred Healthcare, Inc.*, 949 F.Supp.2d 852, 860-861 (N.D. Ill. June 11, 2013); *Holliday v. JS Express, Inc.*, No. 4:12CV01732 ERW, 2013 WL 2395333, at *7-8 (E.D. Mo. May 30, 2013); *Yahraes v. Rest. Assoc. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011); *Getchman v. Pyramid Consulting, Inc.*, No. 4:16 CV 1208 CDP, 2017 WL 713034, at *6 (E.D. Mo. Feb. 23, 2017); *Davenport v. Charter Communs., LLC*, No. 4:12CV0007 AGF, 2014 WL 2993739, at *8 (E.D. Mo. July 3, 2014); *Clendenen v. Steak N Shake Operations, Inc.*, No. 4:17-cv-01506-JAR, 2018 WL 4679728, at *4 (E.D. Mo. Sept. 28, 2018).

---

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO §216(B) OF THE FAIR LABOR STANDARDS ACT**

**– 16 –**

1  ///

2  ///

3  **VI.    CONCLUSION**

4        For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an

5  order that conditionally certifying this matter for notice pursuant to 29 U.S.C. § 216(b) of

6  the FLSA and that notice as described above is conducted.

7

8  Dated:  October 22, 2020                    Respectfully submitted,

9

10                                    By:   */s/ John P. Kristensen*_____

11                                          John P. Kristensen (*Pro Hac Vice*)

12                                          *john@kristensenlaw.com*
                                            **KRISTENSEN LLP**

13                                          David C. O'Mara (SBN 08599)

14                                          *david@omaralaw.net*
                                            **THE O'MARA LAW FIRM, P.C.**

15
                                            ***Attorneys for Plaintiffs***
16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I certify that on Thursday, October 22, 2020, a true and correct copy of the attached **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)** and accompanying documents were served via CM/ECF upon all participants of record, including the individuals listed below, pursuant to Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE:

Mark R. Thierman
mark@thiermanbuck.com
Joshua D. Buck
josh@thiermanbuck.com
Leah L. Jones
leah@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511

*Counsel for Defendants*

David C O'Mara
david@omaralaw.net
**THE O'MARA LAW FIRM, P.C.**
311 E. Liberty Street
Reno, NV 89501

*Co-Counsel for Plaintiffs*

*/s/ John P. Kristensen*
John P. Kristensen